UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FRANCIS CHELKONAS,

    Plaintiff,

v.                                                                                                 Case No. 8:21-cv-2907-MAP

COMMISSIONER OF SOCIAL SECURITY

    Defendant.
_____/

**ORDER**

Plaintiff seeks judicial review of the denial of his claim for a period of disability and disability insurance benefits (DIB).[1] Plaintiff argues that the Administrative Law Judge (ALJ) committed reversible error by failing to fully develop the record regarding Plaintiff's Department of Veterans Affairs (the VA) disability rating and therefore requests remand under sentence six of 42 U.S.C. § 405(g). As the ALJ's decision was based on substantial evidence and employed proper legal standards, the Commissioner's decision is affirmed.

    I.    *Background*

Plaintiff, who was born in 1979, claimed disability beginning February 3, 2017 (Tr. 326).[2] He was 37 years old on the alleged onset date. Plaintiff obtained at least a

---

[1] The parties have consented to my jurisdiction. *See* 28 U.S.C. § 636(c).
[2] Plaintiff's earlier application was denied on February 2, 2017, with no subsequent appeal, making February 3, 2017, the earliest possible onset date (Tr. 70, 127-44).

high school education, and his past relevant work experience included work as an infantry airborne soldier, a plumbing apprentice, and a receptionist (Tr. 44-45, 65-66, 361). Plaintiff alleged disability due to chronic post-traumatic stress disorder (PTSD), chronic low back pain, chronic neck pain, bilateral hand pain and stiffness in joints, bilateral knee problems with braces, insulin dependent diabetes mellitus, nerve damage, hypertension, gastroesophageal problems, obstructive sleep apnea, and hypothyroidism (Tr. 360).

Given his alleged disability, Plaintiff filed an application for a period of disability and DIB (Tr. 326-27). The Social Security Administration (SSA) denied Plaintiff's claims both initially and upon reconsideration (Tr. 145-81, 209-17). Plaintiff then requested an administrative hearing (Tr. 218). Per Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified (Tr. 72-126). Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits (Tr. 182-200). Upon a request for review from Plaintiff, the Appeals Council vacated the decision and remanded the case to the ALJ for resolution of the following issue:

> A letter from the Department of Veterans Affairs dated July 6, 2015, reveals that claimant was found to have a 100% disability rating. Although a decision from another government agency, such as the Department of Veterans Affairs, about a claimant's disability is not binding on the Social Security Administration, that decision should still be considered and weighed as an opinion from a nonmedical source. Since the hearing decision did not consider or weigh the nonmedical source opinion from the Department of Veterans Affairs, consideration is warranted of that opinion.

(Tr. 203) (internal citations omitted). Given its finding, the Appeals Council directed the ALJ to evaluate the disability rating from the Department of Veterans Affairs and explain the weight afforded to such opinion evidence (Tr. 203).

On remand, the ALJ held a second administrative hearing, after which he issued another unfavorable decision finding Plaintiff not disabled (Tr. 7-27, 40-71). In rendering the administrative decision, the ALJ concluded that Plaintiff met the insured status requirements through June 30, 2020, and had not engaged in substantial gainful activity since February 3, 2017, the alleged onset date (Tr. 12). After conducting the hearing and reviewing the evidence of record, the ALJ determined that Plaintiff had the following severe impairments: obesity, but had the same musculature and body mass index (BMI) as when he was in the military service; obstructive sleep apnea (OSA) with partial use of continuous positive airway pressure (CPAP) machine; diabetes mellitus; lumbar spine degenerative disc disease (DDD) with a small disc protrusion and moderate stenosis; left Achilles tendon repair with past injuries; shoulder problems with limited motion on elevation; and bipolar II depression and anxiety from PTSD (Tr. 12).

Notwithstanding the noted impairments, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 13). The ALJ then concluded that Plaintiff retained a residual functional capacity (RFC) to perform light work with the following limitations: occasional climbing, balancing, stooping, kneeling, crouching, and crawling; occasional climbing of ladders, scaffolds,

and ropes but never climbing at open unprotected heights; avoidance of dangerous machinery and working in loud-noise environments; limited to frequent overhead reaching with both upper extremities; limited to understanding and carrying out simple, routine, repetitive procedures and tasks and making only basic decisions and adjusting to simple changes in the work setting; limited to only occasional interaction with the public; and interaction with coworkers and supervisors limited to frequently if there were no more than 15 people in the same work area but limited to occasionally if there were more than 15 people in the work area (Tr. 14). In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of his symptoms were not entirely consistent with the medical evidence and other evidence (Tr. 15-16).

      Considering Plaintiff's noted impairments and the assessment of a vocational expert (VE), however, the ALJ determined that Plaintiff could not perform his past relevant work (Tr. 20). Given Plaintiff's background and RFC, the VE testified that Plaintiff could perform other jobs existing in significant numbers in the national economy, such as a mail sorter, a parts cleaner, and an office helper (Tr. 20-21). Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled (Tr. 21-22). Given the ALJ's finding, Plaintiff requested review from the Appeals Council, which the Appeals

Council denied (Tr. 1-6, 313-15). Plaintiff then timely filed a complaint with this Court (Doc. 1). The case is now ripe for review under 42 U.S.C. § 405(g).

## II. Standard of Review

To be entitled to benefits, a claimant must be disabled, meaning the claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment" is an "impairment that results from anatomical, physiological, or psychological abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

To regularize the adjudicative process, the SSA promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. § 404.1520. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. § 404.1520(a). Under this process, the ALJ must determine, in sequence, the following: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, *i.e.*, one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404, Subpart P, Appendix 1; and whether the claimant can perform his or her past relevant work. 20 C.F.R. § 404.1520(a)(4). If the claimant cannot perform the tasks required of his or

her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of his or her age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. § 404.1520(g)(1).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation and internal quotation marks omitted). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1260 (11th Cir. 2007) (citations omitted).

In reviewing the Commissioner's decision, the court may not reweigh the evidence or substitute its own judgment for that of the ALJ, even if it finds that the evidence preponderates against the ALJ's decision. *Mitchell v. Comm'r of Soc. Sec.*, 771 F.3d 780, 782 (11th Cir. 2014); *Winschel*, 631 F.3d at 1178 (citations omitted); *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Ingram*, 496 F.3d at 1260 (citation omitted). The scope of review is thus limited to

determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002) (*per curiam*) (citations omitted).

### III. Discussion

Plaintiff presents two arguments in favor of remand that Plaintiff contends are intertwined. Namely, Plaintiff argues that (1) the ALJ erred by failing to properly develop the record as to Plaintiff's VA claims file, and (2) remand is warranted under sentence six of 42 U.S.C. § 405(g) because (a) there is new, noncumulative evidence material to the decision and (b) good cause existed for the failure to submit such evidence at the administrative level.

#### A. Development of the Record

Plaintiff's first argument involves the purported failure by the ALJ to fully develop the record. Even though Social Security proceedings are inquisitorial rather than adversarial in nature, claimants must establish their eligibility for benefits. *Ingram*, 496 F.3d at 1269; 20 C.F.R. § 404.1512(a). During the administrative process, therefore, a claimant must inform the SSA about or submit all evidence known to the claimant relating to whether the claimant is blind or disabled. 20 C.F.R. § 404.1512(a). Although the claimant bears the burden of providing medical evidence showing she is disabled, the ALJ is charged with developing a full and fair record. *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003). The ALJ maintains this basic obligation to develop a full and fair record without regard for whether the claimant is represented by counsel. *Brown v. Shalala*, 44 F.3d 931, 934 (11th Cir. 1995). When the plaintiff

demonstrates that the record reveals evidentiary gaps which result in unfairness or "clear prejudice," remand is warranted. *Id.* at 935; *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 (11th Cir. 2015) ("Remand for further factual development of the record before the ALJ is appropriate where the record reveals evidentiary gaps which result in unfairness or clear prejudice.") (quotation and citation omitted); *Graham v. Apfel*, 129 F.3d 1420, 1423 (11th Cir. 1997) ("However, there must be a showing of prejudice before it is found that the claimant's right to due process has been violated to such a degree that the case must be remanded to the [Commissioner] for further development of the record.") (citation omitted).

As noted above, upon a request for review from Plaintiff, the Appeals Council remanded the case to the ALJ for consideration of the letter regarding the VA decision finding that Plaintiff had a 100% disability rating and for an explanation of the weight given to such nonmedical opinion evidence (Tr. 10, 201-05, 316-21). On remand, the ALJ held another administrative hearing, at which Plaintiff's non-attorney representative confirmed that the ALJ had the appropriate disability rating information in the record (Tr. 43-44, 316-25). Following that, the ALJ issued the administrative decision, wherein the ALJ complied with the Appeals Council's directive to consider the letter, stating:

> As noted by the Appeals [Council], a letter from the Department of Veterans Affairs dated July 6, 2015, reveals that claimant was found to have a 100 percent disability rating by an administrative determination. Although an administrative decision from another government agency, such as the Department of Veterans Affairs, about a claimant's disability is not binding on the Social Security Administration, that decision should still be considered and weighed as an opinion from a nonmendical source

8

>and can be used as evidence of a disability. In this case, the undersigned Judge notes that this document was drafted in 2015, two years prior to the alleged onset date and nearly five years prior to the present. Thus, the findings in that record are not an accurate reflection of the claimant's current abilities and limitations. As to the specifics of this opinion, the undersigned notes that the VA administrative clerk determined the claimant to be 100 percent disabled due to PTSD and listed approximately 20 symptoms of PTSD that preclude the claimant from working. However, as noted above, in spite of the claimant's alleged symptoms of depression and PTSD, he presents generally unremarkable during mental status examinations and remains very functional in his every[day] life. Even he admits that he is able to tend to his personal care, drive, cook, clean, handle his finances, use a computer and socialize. For these reasons, the opinion of the VA at exhibit B1D is not persuasive, even as a nonmedical source.

(Tr. 19-20) (internal citations omitted). Plaintiff asserts that, despite the ALJ's compliance with the Appeals Council's directive, the ALJ had a duty to further develop the record with respect to the basis for the VA's disability ratings decision, as the letter reviewed by the ALJ at the behest of the Appeals Council only summarized Plaintiff's eligibility for benefits but did not constitute a medical opinion nor provide the medical findings in support of the eligibility determination.

Plaintiff's first argument involves an apparent heighted duty Plaintiff seeks to impose upon this particular ALJ because the ALJ worked as counsel for the Board of Veterans' Appeals more than 30 years ago, as evidenced by a copy of a decision issued by the Board of Veterans' Appeals in the early 1990s (Doc. 14-1), and because Plaintiff was represented by a non-attorney representative. Without citation to any legal authority, Plaintiff contends that, by virtue of his former position with the Board of Veterans' Appeals, the ALJ knew or should have known that medical opinion evidence forming the basis of the VA's rating decision would be contained in Plaintiff's

VA claims file. Plaintiff additionally argues that his non-attorney representative "may not have known that [Plaintiff's] VA claims file probably contained disability benefits questionnaires, completed by medical sources, which were not contained in [Plaintiff's] VA treatment records" (Doc. 14, at 8). Regardless of any prior employment history by the ALJ, a heightened duty to develop the record only arises where, unlike in this case, a claimant has not waived the right to representation. *See Brown*, 44 F.3d at 934-35; *see also Graham*, 129 F.3d at 1422-23. Even then, a claimant must show prejudice before it can be found that a claimant's right to due process has been violated to such a degree that the case must be remanded to the Commissioner for further development of the record. *Graham*, 129 F.3d at 1423. In this case, Plaintiff did not waive his right to representation but rather appeared at the second administrative hearing with a non-attorney representative (Tr. 42), to whom the same standards apply as an attorney representing a claimant in the administrative process. *See* 20 C.F.R. §§ 404.1705, 404.1740. Plaintiff's argument that the ALJ erred based on the employment history of the ALJ or the employment status of Plaintiff's representative therefore falls flat.

Beyond that, Plaintiff asserts that the ALJ must consider medical opinions, and since the medical opinions which resulted in the VA rating decision were not contained in the claims file, the ALJ failed to properly consider such opinions. To that end, Plaintiff provided (1) a VA compensation and pension (C&P) review questionnaire regarding PTSD submitted by Kelly Gorman, Psy.D., in June 2015 (Doc. 14-2, at 1-13 (duplicate copies)); (2) a VA C&P examination questionnaire regarding back

(thoracolumbar spine) conditions submitted by Teresa White, ARNP, in June 2015 (Doc. 14-2, at 14-21); and (3) the June 2015 VA disability rating decision (Doc. 14-2, at 22-30), which Plaintiff contends the ALJ should have obtained or, at a minimum, directed Plaintiff's representative to obtain.  Plaintiff makes no argument, however, that the lack of such records created an evidentiary gap resulting in unfairness or clear prejudice during the relevant period at issue.  *See Brown*, 44 F.3d at 935; *Henry*, 802 F.3d at 1267 ("Remand for further factual development of the record before the ALJ is appropriate where the record reveals evidentiary gaps which result in unfairness or clear prejudice.") (internal quotation and citation omitted); *Graham*, 129 F.3d at 1423. Rather, Plaintiff simply notes that a licensed psychologist, Dr. Gorman, rather than an administrative clerk, determined that Plaintiff was 100% disabled due to PTSD (*see* Tr. 19).  Additionally, he states that ARNP White determined that he was entitled to an increased rating to 20% for his degenerative lumbar disc disease and that he was noted as regularly using a cane for ambulation in June 2015.  Even if Plaintiff argued that the omission of such records led to an evidentiary gap resulting in unfairness or clear prejudice, such argument would fail.

  First, all the records were prepared nearly two years before the alleged onset date and nearly five years before both the ALJ's and Appeals Council's decisions (Tr. 1-27; Doc. 14-2).  They also fail to shed much light on Plaintiff's condition during the relevant period from February 3, 2017, the alleged onset date, to June 30, 2020, the date last insured.  To the extent that the records address Plaintiff's PTSD, lumbar spinal conditions, and VA disability rating, the ALJ addressed those issues in the

decision (Tr. 10-22). In the decision, the ALJ found Plaintiff's lumbar spine DDD with a small disc protrusion and moderate stenosis and Plaintiff's bipolar II depression and anxiety from PTSD to be severe impairments and then later identified limitations in the RFC and discussed the evidence of record relating to each, including the letter regarding the VA 100% disability rating due to PTSD (Tr. 12-20).

Next, Dr. Gorman's questionnaire was simply a PTSD review, wherein she reviewed Plaintiff's VA medical records to assess whether Plaintiff experienced PTSD (Doc. 14-2, at 1-13). She did not examine Plaintiff as part of her review but rather recited notes from Plaintiff's prior treatment regarding his subjective complaints. Additionally, she simply checked all the symptoms she believed actively applied to Plaintiff's condition as of June 2015 based upon her review of Plaintiff's records without any behavioral observations. Given her findings, she opined that Plaintiff experienced total occupational and social impairment, or a 100% disability rating. Under the applicable regulations, a medical opinion consists of statements from an acceptable medical source that reflects the judgment about the nature and severity of a claimant's impairments, including symptoms, diagnosis and prognosis, what a claimant can still do despite such impairments, and any physical or mental restrictions. *See* 20 C.F.R. § 404.1527(a)(2).[3] As the Commissioner contends, the only part of Dr. Gorman's findings that could be considered a medical opinion under that definition is

---

[3] Plaintiff submitted his application for benefits on March 15, 2017 (Tr. 326-327), so his claim is governed by prior regulations. The current regulations redefine what constitutes a medical opinion. *Compare* 20 C.F.R. §§ 404.1527(a)(2) *and* 404.1513(a)(2).

Dr. Gorman's diagnosis of PTSD and recitation of related symptoms. Nothing else in the questionnaire reflects Dr. Gorman's judgment about the nature and severity of Plaintiff's PTSD.

Indeed, Dr. Gorman's statement that Plaintiff was 100% disabled did not constitute a medical opinion.[4] Statements by a medical source that a claimant is "disabled" or "unable to work" constitute opinions on issues reserved to the Commissioner and do not direct that a finding of disabled is warranted. 20 C.F.R. § 404.1527(d)(1); *see Denomme v. Comm'r, Soc. Sec. Admin.*, 518 F. App'x 875, 877-78 (11th Cir. 2013) (stating that it is the Commissioner, not a claimant's physician, who determines whether a claimant is statutorily disabled, and a statement by a medical source that a claimant is disabled does not mean that the Commissioner will conclude a claimant is disabled).[5] The Commissioner need not afford any special significance to the source of such an opinion because the determination of disability and ability to work remain issues reserved to the Commissioner. 20 C.F.R. § 404.1527(d)(3). Regardless, the ALJ considered the VA 100% disability rating due to PTSD and concluded that it did not deserve great weight, concluding that it was not an accurate reflection of Plaintiff's current functioning and was inconsistent with the mental status examinations and daily functionality during the relevant period (Tr. 20, 316-18).

---

[4] The fact that the ALJ inaccurately attributed the opinion to an administrative clerk rather than to Dr. Gorman does not impact the analysis or create any prejudice to Plaintiff. Such error is therefore considered harmless.

[5] Unpublished opinions are not considered binding precedent but may be cited as persuasive authority. 11th Cir. R. 36-2.

Accordingly, consideration of Dr. Gorman's questionnaire would not change the administrative result, and the ALJ did not err in failing to obtain it.

For the same reasons, the ALJ did not err in failing to obtain or to consider the questionnaire from ARNP White as to Plaintiff's back conditions (Doc. 14-2, at 14-21). Additionally, under the pertinent regulations, ARNP White did not constitute an "acceptable medical source" and thus could not provide a medical opinion. 20 C.F.R. §§ 404.1502, 404.1513(a) & (d), 404.1527. Instead, nurse-practitioners are classified as "other sources" whose evidence may be used to show the severity of impairments and how it affects a claimant's ability to work but whose evidence cannot establish an impairment. 20 C.F.R. § 404.1513(a) & (d). To the extent that Plaintiff argues that ARNP White's finding that Plaintiff required regular use of a cane for support due to back pain showed the severity of Plaintiff's impairments or how it affected his ability to work during the relevant period and therefore showed an evidentiary gap, such argument fails (*see* Doc. 14-2, at 19). The ALJ referenced Plaintiff's use of a cane for ambulation along with his back pain and an Achilles injury that showed signs of improvement within a few months (Tr. 15-17, 106-07). The ALJ did not find Plaintiff's complaints as limiting as alleged, and the record, including Plaintiff's statements that he had a cane for more than 10 years that he used only periodically or that he did not use an assistive device, supported the ALJ's finding in that regard (Tr. 364, 689). Plaintiff does not point to any evidence of record indicating that a medical source prescribed the cane or that Plaintiff otherwise required a cane for ambulation.

Accordingly, no evidentiary gap existed as to the use of cane for ambulation, so the ALJ did not err in failing to obtain ARNP White's questionnaire.

Lastly, the ALJ did not err in failing to obtain a copy of the June 2015 VA disability rating decision (Doc. 14-2, at 22-30).  Although Plaintiff does not indicate whether he received a copy of the disability rating decision, the decision is directed to him, meaning that he would likely possess a copy of the decision and be able to provide a copy to the SSA, as was his burden.  Irrespective, the ALJ both confirmed with Plaintiff's representative during the second administrative hearing that the information in the record was the evidence of the VA disability rating and complied with the Appeals Council's directive to consider such evidence (Tr. 43, 316-25).  As with the actual VA disability rating decision, the information in the record verifies that the VA rated Plaintiff 100% disabled due to PTSD (Tr. 316-25).  The decision would not add any additional information not already considered by the ALJ as to the nonmedical opinion from the VA nor fill any evidentiary gaps regarding the VA's disability rating.  Plaintiff points to an increase of disability rating in the disability rating decision from 10% to 20% regarding Plaintiff's lumbar spine DDD as additional information not considered by the ALJ (Doc. 14-2, at 25-26).  As noted, however, the ALJ found Plaintiff's lumbar DDD to be a severe impairment and accordingly limited Plaintiff to a reduced range of light work with several other postural limitations to account for Plaintiff's back issues and pain based on similar findings as those set forth in the disability ratings decision (Tr. 12-17, 168, 719).

For the foregoing reasons, the ALJ did not err in failing to develop the record. None of the records provided by Plaintiff demonstrate any evidentiary gaps that resulted in unfairness or clear prejudice to Plaintiff. Rather, the ALJ applied the correct legal standards in developing the record and complying with the Appeals Council's remand order.

### B. Sentence Six Remand

Plaintiff argues that the matter should be remanded back to the Commissioner under sentence six of 42 U.S.C. § 405(g) for consideration of the purportedly new, non-cumulative, material evidence attached to Plaintiff's memorandum of law in opposition to the Commissioner's decision (Doc. 14-2). When reviewing final agency decisions on Social Security benefits, the exclusive methods by which district courts may remand to the Commissioner of Social Security are set forth in sentence four and sentence six of 42 U.S.C. § 405(g). *Shalala v. Schaefer*, 509 U.S. 292, 296 (1993). Sentence six provides:

> The court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security, and it may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding ….

42 U.S.C. § 405(g). Sentence six constitutes the only way in which a district court may remand a case to the Commissioner for consideration of new evidence not presented to the Commissioner at any stage of the administrative process and requiring further

review. *See Ingram*, 496 F.3d at 1267-68. To establish a basis for remand under sentence six, therefore, a claimant must demonstrate that (1) there is new, noncumulative evidence; (2) the evidence is "material," meaning relevant and probative such that a reasonable possibility exists that it would change the administrative result; and (3) good cause exists for the failure to submit the evidence at the administrative level. *Hunter v. Soc. Sec. Admin., Comm'r*, 808 F.3d 818, 821 (11th Cir. 2015) (citation omitted).

In this instance, Plaintiff failed to establish a basis for remand under sentence six. Namely, beyond a cursory statement that the records "were not part of the record and are new and material evidence," Plaintiff fails to articulate how such evidence was new, noncumulative, or material or how good cause existed by virtue of the fact that, "unless a person was familiar with the VA compensation claims process, that person was probably not aware of the existence of disability benefits questionnaires" (Doc. 14, at 10). Notwithstanding, review of the evidence shows that the records were neither new nor noncumulative evidence. All the evidence provided by Plaintiff was created in June 2015 (Doc. 14-2), nearly two years prior to the alleged onset date and nearly five years prior to both the ALJ's decision and the Appeals Council's denial of review, so the records cannot be considered new. Further, as explained above, the evidence was cumulative of the same impairments and limitations considered and addressed by the ALJ, including evidence as to Plaintiff's VA disability rating and Plaintiff's PTSD, lumbar disc disease, and use of an assistive device (Tr. 12-20).

Similarly, the records are not material. As detailed more fully above, the evidence echoed much of what was already in the administrative record and therefore did not provide any new insight or findings that would alter the ALJ's decision. As consideration of the records would not change the administrative result, Plaintiff failed to show materiality.

Finally, Plaintiff failed to demonstrate good cause for his failure to submit the evidence at the administrative level. As the Commissioner contends, Plaintiff makes no argument that if he attempted to obtain the records, the VA would have precluded him from doing so. Instead, Plaintiff seeks to shift the burden to the ALJ to obtain the records even though Plaintiff appeared at the administrative hearing with a representative (Tr. 42-44). The VA created these records in June 2015, and Plaintiff presumably received at least a copy of the VA disability ratings decision at some point between the time of the VA decision and the ALJ's decision, as the VA directed its findings directly to Plaintiff.

In sum, Plaintiff failed to establish a basis for a remand under sentence six of 42 U.S.C. § 405(g). Plaintiff did not demonstrate that the records were new, noncumulative, or material or that good cause existed for the failure to submit the evidence at the administrative level. For the foregoing reasons, the ALJ's decision is affirmed.

## IV. Conclusion

As explained above, the ALJ applied the correct legal standards, and the ALJ's decision is supported by substantial evidence. Accordingly, after consideration, it is

hereby

    ORDERED:

    1.    The decision of the Commissioner is AFFIRMED.

    2.    The Clerk is directed to enter final judgment in favor of the Commissioner and close the case.

    DONE AND ORDERED in Tampa, Florida, on this 22nd day of March, 2023.

*/s/ Mark A. Pizzo*
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

cc:    Counsel of Record